NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0113n.06

No. 09-4427

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

**FILED**
**Feb 16, 2011**
LEONARD GREEN, Clerk

DIANA PAPLEKAJ; AURORA PAPLEKAJ,

    Petitioners,

v.

ERIC H. HOLDER, JR., Attorney General,

    Respondent.

ON PETITION FOR REVIEW OF
AN ORDER OF THE BOARD OF
IMMIGRATION APPEALS

_____/

Before:      KENNEDY and MARTIN, Circuit Judges; MURPHY, District Judge.[*]

BOYCE F. MARTIN, JR., Circuit Judge. Petitioners Diana Paplekaj[1] and her minor daughter seek review of a Board of Immigration Appeals final order of removal to Albania. The Board affirmed an immigration judge's denial of their applications for withholding of removal, and dismissed their ineffective assistance claim. We **AFFIRM** the Board's decision and **DENY** the petition for review.

### I. BACKGROUND

Petitioners are natives and citizens of Albania. They unlawfully entered the United States in August 2004 at or near Detroit, Michigan. On January 27, 2006, Paplekaj filed an application for asylum with the Department of Homeland Security, listing her daughter as a derivative beneficiary.

---

[*]The Honorable Stephen J. Murphy, III, United States District Judge for the Eastern District of Michigan, sitting by designation.

[1]Throughout this opinion, we refer to Diana as Paplekaj.

Her application was referred to an immigration court. Petitioners were issued a Notice to Appear on March 24. They admitted the factual allegations in the notice and conceded removability. Paplekaj filed a second application for asylum and also requested withholding of removal and protection under the Convention Against Torture. However, she conceded that she and her daughter are ineligible for asylum because neither filed an asylum application within one year after arrival in the United States. Paplekaj's daughter also applied for withholding of removal and protection under the Convention Against Torture protection based on her mother's claims.

The immigration judge held a removal hearing on February 13, 2008. Paplekaj claimed that she feared returning to Albania because she was harassed and threatened on three different occasions by a member of the Albanian Parliament, Nikoll Lesi, and she did not wish to submit to his sexual demands. Paplekaj recounted three incidents in the summer of 2004 in which Lesi approached her, solicited sexual favors, and threatened or assaulted her when she refused.

The immigration judge found that Paplekaj was not credible because her daughter, ten years old at the time of the hearing, testified that she had a brother when in fact she did not. The immigration judge found that petitioners were barred from claiming asylum, denied their applications for withholding of removal and for protection under the Convention Against Torture, denied their request for voluntary departure, and ordered them removed from the United States.

Petitioners appealed the immigration judge's decision. They challenged his adverse credibility finding and the denial of withholding of removal, and claimed that their accredited representative provided ineffective assistance. The Board reversed the immigration judge's finding that Paplekaj was not credible and vacated the determination that she lied in order to obtain an

immigration benefit.[2] However, the Board affirmed the immigration judge's findings that petitioners failed to establish their eligibility for withholding of removal and protection under the Convention Against Torture. In addition, the Board held that petitioners failed to establish ineffective assistance of counsel because they failed to comply with the technical requirements of *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), and alternatively, failed to demonstrate prejudice. Petitioners appeal. They do not dispute that they are ineligible for asylum and do not appeal the denial of Convention Against Torture protection. Instead, they argue that the Board erred in affirming the immigration judge's decision denying withholding of removal and in dismissing their claim of ineffective assistance of counsel.

## II. ANALYSIS

### A. Withholding of removal

Because the Board issued a separate opinion rather than summarily affirming the immigration judge's decision, we review the Board's decision as the final agency determination. *See Khalili v. Holder*, 557 F.3d 429, 435 (6th Cir. 2009). However, to the extent the Board adopted the immigration judge's reasoning, we also review the immigration judge's decision. *Id.* "Questions of law are reviewed de novo, but substantial deference is given to the [Board's] interpretation of the [Immigration and Nationality Act] and accompanying regulations." *Id.* We review the immigration judge's and Board's factual findings under the substantial-evidence standard. *Id.* We consider these findings conclusive unless "any reasonable adjudicator would be compelled to conclude to the contrary." *Id.* (internal quotation marks and citation omitted).

---

[2] The Attorney General does not challenge this finding and we affirm it.

Withholding of removal is mandatory if an alien establishes that his or her life or freedom would be threatened in the proposed country of removal on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1231(b)(3)(A) (2006). An applicant seeking withholding of removal must show that "there is a clear probability that he will be subject to persecution if forced to return to the country of removal." *Singh v. Ashcroft*, 398 F.3d 396, 401 (6th Cir. 2005) (internal quotation marks and citation omitted). This means that the alien must show that it is "more likely than not" that he or she would be persecuted on the basis of one of these five grounds if removed from this country. *INS v. Stevic*, 467 U.S. 407, 424 (1984).

Paplekaj claims that she is entitled to withholding of removal because Lesi made sexual advances toward her in the past, and she fears future mistreatment if she is returned to Albania and continues to spurn them. She claims membership in a social group defined as young women. The immigration judge and Board rejected this argument, concluding that this claimed membership group does not constitute a "particular social group" under the Immigration and Nationality Act. We agree.

The phrase "membership in a particular social group" is not defined by statute. This Circuit has adopted the Board's definition of a "social group" as "a group of persons all of whom share a common, immutable characteristic." *Castellano-Chacon v. INS*, 341 F.3d 533, 546-47 (6th Cir. 2003) (internal quotation marks and citation omitted). "[W]hatever the common characteristic that defines the group, it must be one that the members of the group either cannot change, or should not be required to change because it is fundamental to their individual identities or consciences." *Rreshpja v. Gonzales*, 420 F.3d 551, 555 (6th Cir. 2005) (internal quotation marks and citation omitted).

In *Rreshpja*, we held that young, attractive Albanian women who are forced into prostitution do not constitute a "particular social group" for two reasons. *Id.* First, we noted that "almost all of the pertinent decisions have rejected generalized, sweeping classifications for purposes of asylum." *Id.* Second, "a social group may not be circularly defined by the fact that it suffers persecution." *Id.* at 556. Like the proposed group in *Rreshpja*, Paplekaj's proposed social group is not sufficiently particular because it consists of a generalized, sweeping classification. *Id.* at 555. In *Rreshpja*, we stated that "[i]f the group with which [the petitioner] is associated is defined noncircularly—i.e., simply as young, attractive Albanian women—then virtually any young Albanian woman who possesses the subjective criterion of being 'attractive' would be eligible for asylum in the United States." *Id.* at 556. Because we have previously held that young, attractive Albanian women do not constitute a social group, we must conclude that neither does the broader classification of young women in general.

Furthermore, the Board reasonably concluded that Paplekaj's fear was due to a purely personal matter. The basis of Paplekaj's withholding of removal claim is her fear of continued pressure by a member of the Albanian Parliament to succumb to his sexual advances. We have held that "harm or threats of harm based solely on sexual attraction do not constitute 'persecution' under the Act." *Klawitter v. INS*, 970 F.2d 149, 152 (6th Cir. 1992). Although Paplekaj's testimony recounts an unfortunate situation, her allegations do not come within the scope of the statute at issue because her fear is not on account of her race, religion, nationality, membership in a particular social group, or political beliefs. Thus, the Board properly denied petitioners' application for withholding of removal.

**B. Ineffective assistance**

Petitioners claim that their accredited representative provided deficient representation in four key legal decisions: (1) failing to document the existence of Lesi; (2) failing to obtain a detailed affidavit from Paplekaj's sister; (3) putting Paplekaj's daughter on the stand; and (4) failing to define Paplekaj's social group with specificity. We review claims of ineffective assistance of counsel in immigration proceedings de novo. *Sako v. Gonzales*, 434 F.3d 857, 863 (6th Cir. 2006).

An alien making a claim of ineffective assistance of counsel in a removal proceeding "carries the burden of establishing that ineffective assistance of counsel prejudiced him or denied him fundamental fairness in order to prove that he has suffered a denial of due process." *Id.* (internal quotation marks and citation omitted). Petitioners do not challenge the Board's decision that they failed to demonstrate prejudice. In fact, they cannot demonstrate prejudice because none of the deficiencies in representation that they point to are relevant to the determination that Paplekaj failed to demonstrate that she was a member of a particular social group and that her fear was not due to a purely personal matter. For this reason, it is unnecessary to address the fact that petitioners also failed to comply with the technical requirements of *Matter of Lozada*, 19 I. & N. Dec. 637, 639 (BIA 1988). Thus, we affirm the Board's order dismissing petitioners' ineffective assistance claim.

### III. CONCLUSION

The Board correctly found that petitioners failed to meet the standards for withholding of removal or to demonstrate ineffective assistance. We therefore **AFFIRM** the ruling of the Board and **DENY** the petition for review.